KEVIN W. ALEXANDER  (SBN:  175204)
THOMAS WATSON  (SBN:  227264)
GORDON & REES LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470
kalexander@gordonrees.com
twatson@gordonrees.com

Attorneys for Defendant
FOREST LABORATORIES, LLC
(f/k/a FOREST LABORATORIES, INC.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE PATTON and KENDRICK KNIGHTEN,<br><br>                         Plaintiffs,<br><br>        vs.<br><br>ALLERGAN, PLC., ALLERGAN, INC., FOREST LABORATORIES, INC., ACTAVIS, PLC, LUPIN PHARMACEUTICALS, INC., CIPLA, LTD., CIPLA USA, INC., TEVA PHARMACEUTICALS USA, INC., CVS PHARMACY, INC., TARGET CORPORATION, RIVERSIDE COUNTY REGIONAL MEDICAL CENTER, and DOES 1-20, inclusive,<br><br>                         Defendants. | **CASE NO.**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>Complaint Filed: April 4, 2017<br><br>[Removed from Superior Court of Riverside County, California, Case No. RIC 1705864] |

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Forest Laboratories,

LLC (f/k/a Forest Laboratories, Inc.) ("Forest"), through its undersigned counsel,

hereby removes the above-captioned matter from the Superior Court of Riverside

-1-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

County, California to the United States District Court for the Central District of California on the following grounds:

## I.   NATURE OF THE CASE

1.   On April 4, 2017, plaintiffs Stephanie Patton and Kendrick Knighten filed a state court action in the Superior Court of Riverside County, California, Case No. RIC1705864, against Allergan, PLC, Allergan, Inc., Forest Laboratories, Inc., Actavis, PLC, Lupin Pharmaceuticals, Inc., Cipla Ltd., Cipla USA, Inc., Teva Pharmaceuticals USA,  Inc., CVS Pharmacy, Inc., Target Corporation, and the Riverside County Regional Medical Center, seeking damages for the wrongful death of K.K., alleged to be the result of her use of Lexapro/escitalopram.  (*See generally* Complaint.)   Plaintiffs allege causes of action captioned as "Product liability" "fraud and deceit," breach of express warranty," "violation of California CLRA," "violation of Business and Professions Code section 17200 et seq.," "negligence" and "wrongful death."  (*See id.*)

## II.   FILING OF REMOVAL PAPERS

2.   Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given to plaintiffs' counsel, and a Notice of Filing Notice of Removal is being filed in the Superior Court of Riverside County, California.  A true and accurate copy Notice of Filing Notice of Removal is attached as Exhibit A.

3.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders filed and served on Forest to date in the action are attached as Exhibit "B," including the complaint, summons, and answer of Forest Laboratories, LLC (f/k/a Forest Laboratories, Inc.).

## III.   STATUTORY BASES FOR JURISDICTION

4.   Removal of this action is proper under 28 U.S.C. § 1441.  The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Amount in Controversy

5.     Plaintiffs seek compensatory damages including general and special damages, including damages for economic and non-economic damages and pain, suffering, and emotional distress, and punitive damages, in addition to costs and attorneys' fees.  (*See generally* Complaint).  Plaintiffs allege the defendants are responsible for their minor child's suicide.  (*Id.*)

6.     Plaintiffs' Complaint does not include a specific monetary demand. However, plaintiffs Civil Case Cover Sheet stated that the amount demanded is unlimited and exceeds $25,000.  Forest needs only show the amount in controversy is met by a "preponderance of the evidence."  28 U.S.C. § 1446(c)(2)(B); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014); *Anaya v. Lowe's Home Centers, LLC*, 14CV1260 L BGS, 2014 WL 2199878, *1 (S.D. Cal. May 27, 2014).

7.     K.K. was a minor at the time of her death.  (Complaint, ¶ 1.)  If successful on their wrongful death claim,  recoverable damages include funeral and burial expenses, the reasonable value of household services K.K. would have provided, and the loss of K.K.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support.  Cal. Code of Civ. Pro. § 377.61.

8.     The damage allegations in plaintiffs' Complaint and detailed above make apparent that the amount in controversy in this case is in excess of $75,000, and that removal is proper.

### B. Diversity of Citizenship

9.     Upon information and belief, plaintiffs Stephanie Patton and Kendrick Knighten are citizens of California.

10.     Defendant Forest is a limited liability company and therefore has the citizenship of its members for purposes of determining diversity. Tango US

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-3-

Holdings Inc. is the sole member of Forest.   Tango US Holdings Inc. is incorporated in Delaware and has its principal place of business in New Jersey. Therefore, for diversity purposes, Forest is deemed a citizen of Delaware and New Jersey.   28 U.S.C. §1332(c)(1).

11.    Defendant Allergan, plc, is a foreign corporation incorporated under the laws of Ireland with its principal place of business in Dublin, Ireland.   For diversity purposes, Allergan, plc, is a citizen of Ireland.

12.    Defendant Allergan, Inc., is incorporated under the laws of Delaware with its principal place of business in New Jersey.   For diversity purposes, Allergan, Inc., is a citizen of Delaware and New Jersey.

13.    Defendant Actavis, plc, no longer exists.   It previously was a foreign corporation incorporated under the laws of Ireland, with its principal place of business in Dublin, Ireland.   Actavis, plc, has become Allergan, plc.   To the extent its citizenship is considered here, for diversity purposes, it is a citizen of Ireland.

14.    Defendant Lupin Pharmaceuticals, Inc., is incorporated under the laws of Delaware with its principal place of business in Baltimore, MD.   (Complaint, ¶ 5(e).)  For diversity purposes, it is a citizen of Delaware and Maryland.

15.    Cipla, Ltd., is a foreign corporation organized under the law of India with its principal place of business in Mumbai, India.   (*See* Complaint at ¶ 5(f)). For diversity purposes, Cipla, Ltd., is a citizen of India.

16.    Upon information and belief, Defendant Cipla USA, Inc., is incorporated under the laws of Delaware and has its principal place of business in Miami, Florida.   (*See* Complaint, ¶ 5(g).)  For diversity purposes, Cipla USA, Inc., is a citizen of Delaware and Florida.

17.    Defendant Teva Pharmaceuticals USA, Inc., is incorporated under the laws of Delaware and has its principal place of business in Pennsylvania.   (See Complaint, ¶ 5(h).)  For diversity purposes, Teva Pharmaceuticals USA, Inc., is a citizen of Delaware and Pennsylvania.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

18.   Upon information and belief, defendant CVS Pharmacy, Inc., is incorporated under the laws of Rhode Island and has its principal place of business in Woonsocket, Rhode Island.  For diversity purposes, CVS Pharmacy, Inc., is a citizen of Rhode Island.

19.   Upon information and belief, defendant Target Corporation is incorporated under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota.  For diversity purposes, Target Corporation is a citizen of Minnesota.

20.   None of the above-mentioned defendants are citizens of California and there is complete diversity between plaintiffs and defendants.  28 U.S.C. § 1332.

**C. Fraudulent Joinder**

21.   While plaintiffs have attempted to defeat diversity by naming Riverside County Regional Medical Center ("RCRMC") as a defendant in this action, that attempt should be disregarded by the Court in determining diversity of citizenship for purposes of removal.  Such conduct constitutes fraudulent joinder and should be ignored by the Court.

22.   The right to remove a diversity action cannot be defeated by the improper joinder of a resident defendant against whom no claim has been alleged under state law.  *McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987).  A defendant is fraudulently joined "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citations omitted); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious to the settled rules of the state, the joinder of the resident defendant is fraudulent.")

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-5-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

23.     Lexapro® is the brand name of an FDA-approved prescription drug that must be prescribed by a properly licensed health care provider.  Lexapro® has been available in its generic form (escitalopram) for years.  Plaintiffs allege that "[K.K.] was a patient of the named Defendants" and was "treated by Defendants."[1] (Complaint, ¶ 3.)  Plaintiffs do not name an individual physician as a defendant.

24.     The allegations made by plaintiffs against RCRMC are for injuries that allegedly occurred within the scope of a physician-patient relationship.  A prescription is issued in the usual course of a professional practice for a legitimate medical purpose.  *United States v. Lovin*, 07CR2016-IEG, 2009 WL 3634194, *8 (S.D. Cal. Oct. 30, 2009).  Here, Lexapro was prescribed by a licensed physician during the normal course of treatment of K.K.

25.     Any alleged wrongdoing that occurs during the rendering of services for which a health care provider is licensed is a cause of action for medical malpractice.  *See Canister v. Emergency Ambulance Serv.*, 160 Cal. App. 4th 388, 407, 72 Cal. Rptr. 3d 792, 807 (Cal.App.2d Dist. 2008); *Hector v. Cedars-Sinai Medical Ctr.*, 180 Cal. App. 3d 493, 504, 225 Cal. Rptr. 595 (Cal. App. 2d Dist. 1986) (finding health care facility not subject to strict liability because health care facility is a provider of services rather than a seller of a pharmaceutical product).

26.     Thus, the only claim against RCRMC available to plaintiffs is medical malpractice.  Plaintiffs, however, have not pled a medical malpractice claim.  In a medical malpractice action, plaintiffs must plead and prove: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's

---

[1] Plaintiffs' use of "Defendants" collectively in relation to those allegations is confusing and misplaced.  The drug manufacturer defendants could not and do not "treat" patients.

negligence. *Elcome v. Chin*, 110 Cal. App. 4th 310, 317, 1 Cal. Rptr. 3d 631, 637 (Cal.App.4th Dist. 2003).

27. The Complaint is replete with allegations directed to "Defendants," collectively, that plainly do not relate to RCRMC, a hospital.  For example, the Complaint alleges that "Defendants designed, developed, manufactured, promoted, marketed, distributed, tested, warranted, and sold Lexapro… throughout the United States…" (Complaint, ¶12) and that "Defendants, and each of them, were engaged in the business of researching, designing, developing, licensing, compounding, testing, producing, manufacturing, assembling, processing, packaging, inspecting, labeling, warranting, marketing, promoting, advertising, distributing, selling, and introducing Lexapro… into interstate commerce…" (Complaint, ¶ 13.)  As a hospital, RCRMC was and is not in the business of developing, manufacturing, or promoting, etc., Lexapro (or any other pharmaceutical) in interstate commerce.

28. In multiple instances, the Complaint alleges that the "Defendants" failed to inform doctors, pharmacies, and healthcare providers of the alleged risks of Lexapro. (*See* Complaint, ¶¶ 19, 21, 22, 31.)  The Complaint even goes so far as to allege that "Defendants . . . made the representations with the intent to defraud and deceive Plaintiffs, [K.K.], and her prescribing physicians and healthcare providers…" (Complaint, ¶ 52.)

29. The entirety of the plaintiffs' allegations against RCRMC is that K.K. was "treated by Defendants [collectively] in a negligent and unlawful manner which fell well below the proper standard of care" (Complaint, ¶ 3) and that Plaintiffs have suffered damages "as a direct, foreseeable, legal, actual and proximate result of the Defendants' [collectively] acts." (Complaint, ¶ 79.)  That is it.

30. Plaintiffs have failed to plead a cause of action for medical malpractice, the only cause of action that could be available to them against RCRMC.  Plaintiffs do not allege or describe any duty owed by RCRMC to

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-7-

plaintiffs or decedent.  Instead, read fairly, RCRMC is one of the health care providers the other defendants allegedly misled and deceived.

31.    Plaintiffs have not alleged any facts regarding treatment RCRMC provided to K.K.  Plaintiffs have not alleged how RCRMC failed to provide the care and treatment required by the standard of care in treating K.K.  Plaintiffs have not alleged who prescribed Lexapro to K.K.  Plaintiffs have not alleged how RCRMC's breach of the applicable standard of care resulted in plaintiffs' alleged injuries.  Accordingly, RCRMC is improperly joined, and this Court has diversity jurisdiction.

32.    Furthermore, no action against a health care provider may be commenced unless the health care provider has been given at least 90 days prior notice of the intention to commence the action.  Cal. Code of Civ. Pro. § 364(a). The Complaint does not allege any notice being given to RCRMC, providing a second basis for a determination of fraudulent joinder.

33.    In addition, RCRMC is operated by the County of Riverside.  Because it is a public entity, plaintiffs are required to present their claims to it in accordance with the California Tort Claim Act as set out in California Government Code, Sections 900, *et se q.* and particularly Section 945.4.  *See Watts v. Valley Med. Ctr.*, 8 Cal. App. 4th 1050, 1052, 10 Cal. Rptr. 2d 794, 796 (1992).  The Complaint does not indicate that plaintiffs complied with those provisions, providing another reason that RCRMC is fraudulently joined to this action.

34.    Therefore, RCRMC has been fraudulently joined in this action solely for the purposes of defeating diversity jurisdiction, and as such, its citizenship is disregarded for the purposes of determining diversity jurisdiction.  Because there is complete diversity of citizenship in this action among the properly joined defendants, this case is removable.

///

///

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-8-

1

## IV.   CONSENT TO REMOVAL

2

35.   The removing party need not obtain the consent of the improperly

3

joined co-defendants.  *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.

4

1986).  Therefore, the consent of RCRMC is not necessary for this matter to be

5

properly removed.

6

36.   None of the other defendants has been served, and, accordingly their

7

consent to removal is not required.  *Aqua Connect v. Code Rebel LLC*, No. CV 11-

8

5764, 2011 WL 5075421, *4 (C.D. Cal. Oct. 25, 2011); *Lopez v. BNSF Ry. Co.*,

9

614 F. Supp. 2d 1084 (E.D. Cal. 2007).

10

## V.   NOTICE OF REMOVAL IS TIMELY

11

37.   Plaintiffs' Complaint was filed on April 4, 2017.  Plaintiffs' counsel

12

forwarded the Complaint and summons to Forest's counsel on April 12, 2017, and

13

requested that counsel accept service on Forest.   Pursuant to 28 U.S.C. §

14

1446(b)(1) and (2), removal is timely if it is filed within 30 days after receipt of

15

service of plaintiffs' Complaint by defendants.  As a result, this notice of removal

16

is timely.

17

## VI.   VENUE IS PROPER WITH THIS COURT

18

38.   Venue is proper under 28 U.S.C. § 1441(a).  The Superior Court of

19

Riverside County, California, the court in which this action is pending, is located

20

within the jurisdiction of the United States District Court for the Central District of

21

California.

22

///

23

///

24

///

25

///

26

///

27

///

28

///

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-9-

NOTICE OF REMOVAL

1    39.    For the reasons set for the above Forest Laboratories, LLC (f/k/a

2    Forest Laboratories, Inc.) removes the above-captioned case from the Superior

3    Court of Riverside County, California, to this Court.

4    Dated:  May 11, 2017                    GORDON & REES LLP

5

6                                      By:   /s/ Thomas R. Watson

7                                            Kevin W. Alexander

8                                            Thomas R. Watson
                                             Attorneys for Defendant Forest
9                                            Laboratories, LLC (f/k/a Forest
                                             Laboratories, Inc.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

NA/32768141v.1

-10-

NOTICE OF REMOVAL