KEVIN W. ALEXANDER  (SBN:  175204)
THOMAS WATSON  (SBN:  227264)
GORDON & REES LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:   (213) 680-4470
kalexander@gordonrees.com
twatson@gordonrees.com

JOHN R. IPSARO (admitted *pro hac vice*)
JENNIFER SNYDER HEIS (*pro hac vice*)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:  (513) 698-5104
Facsimile:   (513) 698-5105
jipsaro@ulmer.com
jheis@ulmer.com

Attorneys for Defendant
Allergan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE PATTON and KENDRICK KNIGHTEN,<br><br>             Plaintiffs,<br><br>      vs.<br><br>ALLERGAN, PLC., ALLERGAN, INC., FOREST LABORATORIES, INC., ACTAVIS, PLC, LUPIN PHARMACEUTICALS, INC., CIPLA, LTD., CIPLA USA, INC., TEVA PHARMACEUTICALS USA, INC., CVS PHARMACY, INC., TARGET CORPORATION, RIVERSIDE COUNTY REGIONAL MEDICAL CENTER, and DOES 1-20, inclusive,<br><br>             Defendants. | **CASE NO.** 5:17-cv-00922 MWF (DTBx)<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF ALLERGAN, INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge Michael W. Fitzgerald<br>Magistrate Judge David T. Bristow<br>Complaint Filed: April 4, 2017 |

1    Defendant Allergan, Inc. ("Allergan" or "Defendant"), hereby answers
2  plaintiffs' Complaint as follows:

3            **PARTIES, JURISDICTION AND VENUE**

4    1.    Defendant is without knowledge or information sufficient to form a
5  belief as to the truth of the allegations contained in paragraph 1 of plaintiffs'
6  Complaint.

7    2.    Defendant is without knowledge or information sufficient to form a
8  belief as to the truth of the allegations contained in paragraph 2 of plaintiffs'
9  Complaint.

10    3.    Defendant denies the allegations contained in paragraph 3 of
11  plaintiffs' Complaint.

12    4.    Defendant is without knowledge or information sufficient to form a
13  belief as to the truth of the allegations contained in paragraph 4 of plaintiffs'
14  Complaint.

15    5.    Defendant admits that plaintiffs purport to name the entities identified
16  in subparts a-k as defendants, and responds to the particular allegation in each
17  subpart as follows:

18    5(a).  Defendant denies the allegations contained in paragraph 5(a) of
19  plaintiffs' Complaint.

20    5(b).  Defendant admits that it is a Delaware corporation.  Defendant
21  denies the remaining allegations contained in paragraph 5(b) of plaintiffs'
22  Complaint.

23    5(c).  Defendant denies the allegations contained in paragraph 5(c) of
24  plaintiffs' Complaint.

25    5(d).  Defendant denies the allegations contained in paragraph 5(d) of
26  plaintiffs' Complaint.

27    5(e).  Defendant admits only that, on information and belief, Lupin
28  Pharmaceuticals, Inc. is incorporated under the laws of Delaware with its principal

place of business in Baltimore, MD.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5(e) of plaintiffs' Complaint.

5(f).   Defendant admits only that, on information and belief, Cipla, Ltd. is a foreign corporation organized under the law of India with its principal place of business in Mumbai, India.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5(f) of plaintiffs' Complaint.

5(g).   Defendant admits only that, on information and belief, Cipla USA, Inc., is incorporated under the laws of Delaware and has its principal place of business in Miami, Florida.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5(g) of plaintiffs' Complaint.

5(h).   Defendant admits only that, on information and belief, Teva Pharmaceuticals USA, Inc., is incorporated under the laws of Delaware and has its principal place of business in Pennsylvania.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5(h) of plaintiffs' Complaint.

5(i).   Defendant admits only that, on information and belief, CVS Pharmacy, Inc., is incorporated under the laws of Rhode Island and has its principal place of business in Woonsocket, Rhode Island.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5(i) of plaintiffs' Complaint.

5(j).   Defendant admits only that, on information and belief, Target Corporation is incorporated under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5(j) of plaintiffs' Complaint.

1    5(k).  Defendant is without knowledge or information sufficient to
2 form a belief as to the truth of the allegations contained in paragraph 5(k) of
3 plaintiffs' Complaint.

4    6.    Defendant denies that any of its agents are liable to plaintiffs for any
5 damages.  Defendant is without knowledge or information sufficient to form a
6 belief as to the truth of the remaining allegations contained in paragraph 6 of
7 plaintiffs' Complaint.

8    7.    Defendant denies the allegations contained in paragraph 7 of
9 plaintiffs' Complaint.

10    8.    Defendant responds to the allegations in paragraph 8 of plaintiffs'
11 Complaint as follows:

12    8(a).  Defendant denies the allegations contained in paragraph 8(a) of
13 plaintiffs' Complaint.

14    8(b).  Defendant is without knowledge or information sufficient to
15 form a belief as to the truth of the allegations contained in paragraph 8(b) of
16 plaintiffs' Complaint.

17    9.    Defendant denies the allegations contained in paragraph 9 of
18 plaintiffs' Complaint.

19    10.    Paragraph 10 contains a legal conclusion to which no response is
20 required.  To the extent a response is required, Defendant denies the allegations
21 contained in paragraph 10 of plaintiffs' Complaint.

22    **FACTS COMMON TO ALL CAUSES OF ACTION**

23    11.    Defendant admits only that Forest Laboratories marketed Lexapro and
24 prepared certain promotional materials for Lexapro.  Defendant denies the
25 remaining allegations directed to it.  Defendant is without knowledge or
26 information sufficient to form a belief as to the truth of the allegations directed to
27 other defendants.  Defendant denies any remaining allegations in paragraph 11 of
28 plaintiffs' Complaint.

12.     Defendant admits only that Forest Laboratories marketed Lexapro throughout the United States, including California and prepared certain promotional materials for Lexapro.  Defendant denies the remaining allegations directed to it.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to other defendants.  Defendant denies any remaining allegations in paragraph 12 of plaintiffs' Complaint.

13.     Defendant admits only that Forest Laboratories marketed Lexapro and prepared certain promotional materials for Lexapro.  Defendant denies the remaining allegations directed to it.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to other defendants.  Defendant denies any remaining allegations in paragraph 13 of plaintiffs' Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of plaintiffs' Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of plaintiffs' Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of plaintiffs' Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of plaintiffs' Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of plaintiffs' Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of plaintiffs' Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of plaintiffs' Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of plaintiffs' Complaint.

22. Defendant denies the allegations contained in paragraph 22 of plaintiffs' Complaint.

23. Defendant denies the allegations contained in paragraph 23 of plaintiffs' Complaint.

24. Defendant denies the allegations contained in paragraph 24 of plaintiffs' Complaint.

25. Defendant denies the allegations contained in paragraph 25 of plaintiffs' Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiffs' Complaint regarding K.K.'s prescription for and use of Lexapro. Defendant denies the remaining allegations contained in paragraph 26 of plaintiffs' Complaint.

## I. FIRST CAUSE OF ACTION

## AGAINST EACH DEFENDANT (AND ALL DEFENDANTS COLLECTIVELY)

## FOR STRICT PRODUCT LIABILITY

27. Defendant incorporates its responses to paragraphs 1-26 as if fully set forth here.

28. Defendant denies the allegations contained in paragraph 28 of plaintiffs' Complaint.

29. Defendant admits only that Forest Laboratories marketed Lexapro and prepared certain promotional materials for Lexapro. Defendant denies the remaining allegations directed to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to other defendants in paragraph 29 of plaintiffs' Complaint.

30. Defendant denies the allegations contained in paragraph 30 of plaintiffs' Complaint.

31. Defendant denies the allegations contained in paragraph 31 of

1    plaintiffs' Complaint.

2       32.   Defendant denies the allegations contained in paragraph 32 of
3    plaintiffs' Complaint.

4       33.   Defendant denies the allegations contained in paragraph 33 of
5    plaintiffs' Complaint.

6       34.   Defendant denies the allegations contained in paragraph 34 of
7    plaintiffs' Complaint.

8       35.   Defendant denies the allegations contained in paragraph 35 of
9    plaintiffs' Complaint.

10      36.   Defendant denies the allegations contained in paragraph 36 of
11   plaintiffs' Complaint.

12      37.   Defendant denies the allegations contained in paragraph 37 of
13   plaintiffs' Complaint.

14      38.   Defendant denies the allegations contained in paragraph 38 of
15   plaintiffs' Complaint.

16      39.   Defendant denies the allegations contained in paragraph 39 of
17   plaintiffs' Complaint.

18      40.   Defendant denies the allegations contained in paragraph 40 of
19   plaintiffs' Complaint.

20      41.   Defendant denies the allegations contained in paragraph 41 of
21   plaintiffs' Complaint.

22      42.   Defendant denies the allegations contained in paragraph 42 of
23   plaintiffs' Complaint.

24      43.   Defendant denies the allegations contained in paragraph 43 of
25   plaintiffs' Complaint.

26

27

28

## II. SECOND CAUSE OF ACTION

## AGAINST EACH DEFENDANT (AND ALL DEFENDANTS COLLECTIVELY)

## FOR FRAUD AND DECEIT

44. Defendant incorporates its responses to paragraphs 1-43 as if fully set forth here.

45. Defendant denies the allegations contained in paragraph 45 of plaintiffs' Complaint.

46. Defendant denies the allegations contained in paragraph 46 of plaintiffs' Complaint.

47. Defendant denies the allegations contained in paragraph 47 of plaintiffs' Complaint.

48. Defendant denies the allegations contained in paragraph 48 of plaintiffs' Complaint.

49. Defendant denies the allegations contained in paragraph 49 of plaintiffs' Complaint.

50. Defendant denies the allegations contained in paragraph 50 of plaintiffs' Complaint.

51. Defendant denies the allegations contained in paragraph 51 of plaintiffs' Complaint.

52. Defendant denies the allegations contained in paragraph 52 of plaintiffs' Complaint.

53. Defendant denies the allegations contained in paragraph 53 of plaintiffs' Complaint.

54. Defendant denies the allegations contained in paragraph 54 of plaintiffs' Complaint.

55. Defendant denies the allegations contained in paragraph 55 of plaintiffs' Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of plaintiffs' Complaint.

### III.  THIRD CAUSE OF ACTION

### AGAINST EACH DEFENDANT (AND ALL DEFENDANTS)

### FOR

### BREACH OF WARRANTY

57.     Defendant incorporates its responses to paragraphs 1-56 as if fully set forth here.

58.     Defendant denies the allegations contained in paragraph 58, including subparts (a) – (e), of plaintiffs' Complaint.

59.     Defendant denies the allegations contained in paragraph 59, including subparts (a) – (e), of plaintiffs' Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of plaintiffs' Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of plaintiffs' Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of plaintiffs' Complaint.

### IV.  FOURTH CAUSE OF ACTION

### AGAINST EACH DEFENDANT (AND ALL DEFENDANTS)

### FOR

### VIOLATION OF THE CALIFORNIA CIVIL REMEDIES ACT

63.     Defendant incorporates its responses to paragraphs 1-62 as if fully set forth here.

64.     Defendant denies the allegations contained in paragraph 64 of plaintiffs' Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of plaintiffs' Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of plaintiffs' Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of plaintiffs' Complaint.

## V.  FIFTH CAUSE OF ACTION

## AGAINST EACH DEFENDANT (AND ALL DEFENDANTS)

## FOR

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

68.     Defendant incorporates its responses to paragraphs 1-67 as if fully set forth here.

69.     Defendant denies the allegations contained in paragraph 69, including subparts (a) – (c), of plaintiffs' Complaint.

70.     Defendant denies the allegations contained in paragraph 70 of plaintiffs' Complaint.

71.     Defendant denies the allegations contained in paragraph 71 of plaintiffs' Complaint.

## VI.  [S]IXTH CAUSE OF ACTION

## AGAINST EACH DEFENDANT (AND ALL DEFENDANTS)

## FOR

## NEGLIGENCE

72.     Defendant incorporates its responses to paragraphs 1-71 as if fully set forth here.

73.     Defendant denies the allegations contained in paragraph 73 of plaintiffs' Complaint.

74.     Defendant denies the allegations contained in paragraph 74 of plaintiffs' Complaint.

75.     Defendant denies the allegations contained in paragraph 75 of plaintiffs' Complaint.

76.   Defendant denies the allegations contained in paragraph 76 of plaintiffs' Complaint.

## VII.  SEVENTH CAUSE OF ACTION

### AGAINST EACH DEFENDANT (AND ALL DEFENDANTS)

### FOR

### WRONGFUL DEATH

77.   Defendant incorporates its responses to paragraphs 1-76 as if fully set forth here.

78.   Defendant denies the allegations contained in paragraph 78 of plaintiffs' Complaint.

79.   Defendant denies the allegations contained in paragraph 79 of plaintiffs' Complaint.

80.   Defendant denies the allegations contained in paragraph 80 of plaintiffs' Complaint.

81.   Defendant denies each and every allegation not specifically admitted herein.

## PREAMBLE TO DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on plaintiffs, Defendant states as follows:

1.   Plaintiffs' Complaint fails to state a cause of action, cognizable in equity or law against this answering defendant and therefore must be dismissed.

## FIRST DEFENSE

2.   Plaintiffs' claims should be dismissed because the court lacks personal jurisdiction over Allergan.

## SECOND DEFENSE

3.   Plaintiffs' Complaint should be dismissed for insufficient process.

### THIRD DEFENSE

4.     Plaintiffs' Complaint should be dismissed for insufficient service of process.

### FOURTH DEFENSE

5.     Plaintiffs' claims are preempted and barred by federal law.

### FIFTH DEFENSE

6.     Plaintiffs are not proper parties and lack standing to assert the purported claims set forth in the Complaint.

### SIXTH DEFENSE

7.     Plaintiffs lack standing to assert claims in their Complaint based upon alleged breaches of the Federal Food, Drug and Cosmetic Act ("FDCA") and other federal regulations adopted thereunder because the FDCA does not permit private rights of action based on alleged violations of the FDCA, and both the United States Supreme Court and numerous other courts have found parties lack standing to assert such claims and/or such claims are preempted by federal law. *See*, *e.g.*, 21 U.S.C. § 337(a) and *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341, 349 n. 4 (2001).

### SEVENTH DEFENSE

8.     Plaintiffs' claims are barred by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States. Plaintiffs' claims conflict with the FDCA and the regulations promulgated by FDA to implement that Act, and stand as an obstacle to the purposes and objectives of the FDCA and FDA's implementing regulations.

### EIGHTH DEFENSE

9.     Plaintiffs' claims are barred because Allergan did not have a duty to provide adequate instructions or warnings to plaintiffs or decedent.

### NINTH DEFENSE

10.     Plaintiffs' claims of strict product liability are barred in whole or in

part by the *Restatement (Second) of Torts*, Section 402A, Comment g, limiting strict product liability to eliminate those situations when a product's condition is safe at the time of delivery, but "subsequent mishandling or other causes" make it harmful by the time it is consumed, placing the burden of proof on the plaintiffs to prove that the product was in a defective condition at the time it left the seller's hands.

## TENTH DEFENSE

11.     Plaintiffs' strict product liability claims are barred in whole or in part by the *Restatement (Second) of Torts*, Section 402A, Comment h, limiting strict product liability by eliminating those situations where "abnormal handling" or "abnormal preparation for use" occur to eliminate the seller's liability, unless the seller had reason to anticipate the abnormal handling or preparation.

## ELEVENTH DEFENSE

12.     Plaintiffs' claims of strict product liability are barred in whole or in part by the *Restatement (Second) of Torts*, Section 402A, Comment i, limiting strict product liability to those products that meet the definition of "unreasonably dangerous."

## TWELFTH DEFENSE

13.     Plaintiffs' strict product liability claims are barred by the read and heed provision of *Restatement (Second) of Torts*, Section 402A, Comment j.

## THIRTEENTH DEFENSE

14.     Plaintiffs' claims are barred, in whole or in part, because the seller provided adequate "direction or warnings" as to the use of the subject drug within the meaning of the *Restatement (Second) of Torts*, Section 402A, Comment j.

## FOURTEENTH DEFENSE

15.     Plaintiffs' strict product liability claims are barred in whole or in part by the *Restatement (Second) of Torts*, Section 402A, Comment k, limiting the definition of defective and "unreasonably dangerous" to exclude unavoidably

unsafe products, such as drugs and medical devices, when such products are properly prepared and accompanied by proper direction and warning.

## FIFTEENTH DEFENSE

16.    Plaintiffs' Complaint, and each and every purported cause of action in the Complaint, is barred by virtue of the learned intermediary doctrine, and/or sophisticated user doctrine, and/or principles of the *Restatement (Second) of Torts*, Section 388, Comment n.

## SIXTEENTH DEFENSE

17.    Any claim by plaintiffs for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in *Brown v. Superior Court*, (1988) 44 Cal.3d 1049 and its progeny.

## SEVENTEENTH DEFENSE

18.    The manufacturer's actions conformed to the state of the art of reasonably available scientific and technological knowledge at all times relevant to this lawsuit.  At the time the product left the control of the manufacturer, the product was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, or labeled.

## EIGHTEENTH DEFENSE

19.    The product described in plaintiffs' Complaint was unforeseeably modified, altered, or changed from the condition in which it was sold, marketed, or designed by the manufacturer and/or seller, which modification, alteration, or change caused or contributed to cause plaintiffs' alleged damages, if any.

## NINETEENTH DEFENSE

20.    Plaintiffs' claims are barred in that any purported conduct was in good faith and any purported error was unintentional.

## TWENTIETH DEFENSE

21.    Any conduct by Defendant was not fraudulent and was not likely to

1   mislead the plaintiffs or decedent in any material respect.

2   **TWENTY-FIRST DEFENSE**

3   22.   Plaintiffs' claims are barred, in whole or in part, based upon a

4   balancing of risk and utility factors.

5   **TWENTY-SECOND DEFENSE**

6   23.   Plaintiffs' alleged damages were not caused by any failure to warn on

7   the part of Allergan.

8   **TWENTY-THIRD DEFENSE**

9   24.   Plaintiffs have failed to meet their burden with respect to product

10  identification.

11  **TWENTY-FOURTH DEFENSE**

12  25.   Plaintiffs' entire claim is barred or diminished because of plaintiffs'

13  failure to preserve evidence.

14  **TWENTY-FIFTH DEFENSE**

15  26.   By entering into the activity in which the plaintiffs and/or decedent

16  were engaged at the time of the occurrence set forth in the Complaint, said

17  plaintiffs and/or decedent knew the hazards thereof and the inherent risks incident

18  thereto and had full knowledge of the dangers thereof; whatever injuries and

19  damages were sustained by the plaintiffs herein as alleged in the Complaint arose

20  from and were caused by reason of such risks voluntarily undertaken by the

21  plaintiffs and/or decedent, their activities and such risks were assumed and

22  accepted by them in performing and engaging in said activities.

23  **TWENTY-SIXTH DEFENSE**

24  27.   There was no detrimental reliance on any representations of Allergan.

25  **TWENTY-SEVENTH DEFENSE**

26  28.   Any and all representations of Allergan were, by their nature, not

27  actionable.

28

### TWENTY-EIGHTH DEFENSE

29.   Any and all conduct by Allergan was justified, reasonable, and appropriate.

### TWENTY-NINTH DEFENSE

30.   Any practices by Allergan are not unlawful in that the statutes, ordinances, or other laws in question do not reach any such conduct.

### THIRTIETH DEFENSE

31.   Plaintiffs are estopped from alleging any cause of action against Allergan in that Allergan relied upon regulatory approval for any practices.

### THIRTY-FIRST DEFENSE

32.   Plaintiffs' claims are barred because the product at issue was reasonably fit, suitable, and safe for its intended purpose.

### THIRTY-SECOND DEFENSE

33.   Plaintiffs' injuries or damages, if any, were caused by the unforeseeable misuse, abuse, or inappropriate handling of the product by the plaintiffs, decedent, co-defendants, or a third party, which was unforeseeable to Allergan, and was the sole intervening cause of the damages alleged in plaintiffs' Complaint.

### THIRTY-THIRD DEFENSE

34.   That any injuries and/or damages sustained by the plaintiffs, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence, comparative negligence, and/or culpable conduct of decedent and not as a result of any contributory negligence, comparative negligence, and/or culpable conduct on the part of Defendant.

### THIRTY-FOURTH DEFENSE

35.   If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same was caused in whole or in part by acts or omissions of another or others over whom Allergan is not responsible, and whose

conduct Allergan had no duty or reason to anticipate or control.

### THIRTY-FIFTH DEFENSE

36.    Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### THIRTY-SIXTH DEFENSE

37.    The injuries or damages sustained by plaintiffs, if any, can be attributable to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each cause of the harm sustained, if any.

### THIRTY-SEVENTH DEFENSE

38.    Plaintiffs' injuries, if any, may have been caused by an idiosyncratic reaction to the product.

### THIRTY-EIGHTH DEFENSE

39.    Plaintiffs' injuries, if any, were caused by pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses of decedent.

### THIRTY-NINTH DEFENSE

40.    Plaintiffs' action herein is for alleged personal injury and/or property damages, and is based upon principles of comparative fault and, accordingly, pursuant to the provisions of Civil Code Section 1431, *et seq*., Allergan's liability, if any, for non-economic damages, if any, shall be several only, and shall not be joint; Allergan requests a judicial determination of the amount of non-economic damages, if any, allocated to Allergan, in direct proportion to Allergan's percentage of fault, if any, and a separate judgment in conformance therewith.

### FORTIETH DEFENSE

41.    Allergan alleges, on information and belief, that the Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a

1    cause of action based upon the running of the statutes of limitations.

2    **FORTY-FIRST DEFENSE**

3    42.    Plaintiffs' Complaint fails to state a claim upon which attorneys' fees

4    may be awarded against Allergan.

5    **FORTY-SECOND DEFENSE**

6    43.    In the event plaintiffs recover a verdict or judgment against Allergan,

7    then said verdict or judgment must be reduced by those amounts which have been

8    or will, with reasonable certainty, reimburse or indemnify plaintiffs, in whole or in

9    part, for any past or future claimed economic loss, from any collateral source such

10   as insurance, social security, workers' compensation, or employee benefit

11   programs.

12   **FORTY-THIRD DEFENSE**

13   44.    Allergan is not a proper-party defendant.

14   **FORTY-FOURTH DEFENSE**

15   45.    Plaintiffs' action and claims are barred by the doctrine of estoppel.

16   **FORTY-FIFTH DEFENSE**

17   46.    Plaintiffs' action and claims are barred by the doctrine of waiver.

18   **FORTY-SIXTH DEFENSE**

19   47.    Plaintiffs' action and claims are barred by the doctrine of unclean

20   hands.

21   **FORTY-SEVENTH DEFENSE**

22   48.    Plaintiffs' action and claims are barred by the doctrine of laches.

23   **FORTY-EIGHTH DEFENSE**

24   49.    Plaintiffs' actions and claims are barred by virtue of intervening,

25   superseding causes or circumstances.

26   **FORTY-NINTH DEFENSE**

27   50.    Plaintiffs, and persons or parties other than this answering defendant,

28   failed to properly use or heed to warnings or instructions provided in connection

1    with the subject product.

2    **FIFTIETH DEFENSE**

3    51.    Plaintiffs' damages, if any, were caused by inherent characteristics of

4    the product that are generic aspects of the product that cannot be eliminated

5    without substantially compromising the product's usefulness or desirability.

6    **FIFTY-FIRST DEFENSE**

7    52.    Plaintiffs' claims are barred by the doctrine of equitable abstention.

8    **FIFTY-SECOND DEFENSE**

9    53.    Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

10   **FIFTY-THIRD DEFENSE**

11   54.    Any practices by this Defendant are not unlawful in that this

12   answering defendant has complied and/or substantially complied with all

13   applicable statutes, ordinances, or other laws.

14   **FIFTY-FOURTH DEFENSE**

15   55.    Plaintiffs' claims are barred in that the purported conduct was subject

16   to regulatory approval.

17   **FIFTY-FIFTH DEFENSE**

18   56.    Plaintiffs' claims are barred by virtue of compliance with the business

19   judgment rule.

20   **FIFTY-SIXTH DEFENSE**

21   57.    Plaintiffs' claims are barred because the product at issue was not a

22   consumer product, good, or service within the meaning of the statutes, plaintiffs

23   were not a consumer of the product, and/or this answering defendant did not make

24   any representations or statements to the plaintiffs or decedent concerning the

25   product.

26   **FIFTY-SEVENTH DEFENSE**

27   58.    Plaintiffs' Complaint fails to state any claim entitling plaintiffs to

28   damages or the other forms of relief claimed.

**FIFTY-EIGHTH DEFENSE**

59.    Allergan incorporates the defenses of all others who are or may become parties to this action as though more fully set forth herein.

**FIFTY-NINTH DEFENSE**

60.    Plaintiffs' Complaint should be dismissed for improper venue.

**SIXTIETH DEFENSE**

61.    Plaintiffs' breach of warranty claims are barred, including under the provisions of the Song-Beverly Consumer Act, California Civil Code sections 1790-1795.9 because plaintiffs failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty and plaintiffs failed to give timely notice of any alleged breach of warranty, whether express or implied, to Defendant.   Plaintiffs also did not reasonably rely upon any alleged warranty, whether express or implied.   Any warranty, whether express or implied, was adequately disclaimed, excluded, or modified.

**SIXTY-FIRST DEFENSE**

62.    With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiffs and Allergan.

**SIXTY-SECOND DEFENSE**

63.    Plaintiffs' claims in the first cause of action are barred because at the time the product at issue in this litigation left the manufacturer's control, a practical and technically feasible alternative design or formulation was not available that would have prevented the harm for which plaintiffs seek to recover damages without substantially impairing the reasonably anticipated or intended function of the product.

**SIXTY-THIRD DEFENSE**

64.    To the extent that any claims stated in the Complaint have been settled, compromised, or otherwise discharged, a set off is due.

### SIXTY-FOURTH DEFENSE

65.  The liability of Defendant, if any, for plaintiffs' non-economic loss, if any, must be allocated in accordance with the provisions of California Civil Code Section 1431.2.

### SIXTY-FIFTH DEFENSE

66.  Defendant had no duty to warn about any possible dangers that were not known at the time of manufacture and sale of the product in question.

### SIXTY-SIXTH DEFENSE

67.  Plaintiffs' Complaint fails to state a claim upon which punitive damages may be awarded against Allergan.

### SIXTY-SEVENTH DEFENSE

68.  Plaintiffs' demand for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

### SIXTY-EIGHTH DEFENSE

69.  Plaintiffs' demand for punitive damages is barred by the ex post facto clause of Article I, section 10 of the United States Constitution.

### SIXTY-NINTH DEFENSE

70.  To the extent plaintiffs seek exemplary or punitive damages, such damages are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; Article 1, Section 7 of the California Constitution; and are improper under common law and public policies of California and/or other applicable statutes or court rules.

### SEVENTIETH DEFENSE

71.  Punitive damages awards are unconstitutional because they are penal in nature, yet defendants in civil actions are not afforded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Therefore, plaintiffs cannot recover punitive damages.

### SEVENTY-FIRST DEFENSE

72.     To the extent plaintiffs seek exemplary or punitive damages, Allergan specifically incorporates by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1519, 1521 (2003).

### SEVENTY-THIRD DEFENSE

73.     Plaintiffs' Business and Professions Code Section 17200 claim is barred by Proposition 64 as plaintiffs have not suffered any injury, nor lost any money or property and therefore lacks standing.

### SEVENTY-FOURTH DEFENSE

74.     Allergan's business practices are not "unlawful," "unfair," or "fraudulent" within the meaning of Business and Professions Code Section 17200 because Allergan complied with all applicable statutes and regulations, the utility of any such practices outweigh any potential harm, and/or no fraud was committed.

### SEVENTY-FIFTH DEFENSE

75.     Plaintiffs are barred and precluded from any recovery in this action because Allergan at all times acted within the widespread customs and standards of the relevant industry and that Allergan's business practices were accepted and understood by plaintiffs.

### SEVENTY-SIXTH DEFENSE

76.     Plaintiffs' causes of action are barred in light of the California Supreme Court's observation in *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 566 that "the UCL cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law."

**SEVENTY-SEVENTH DEFENSE**

77.     Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on any other applicable defenses as may become available or apparent during discovery proceedings.

WHEREFORE, Defendant Allergan, Inc. prays the Court determine and adjudge:

1.     That the Complaint, and all claims alleged therein, be dismissed with prejudice;

2.     That Defendant be awarded the costs, disbursements, and attorneys' fees incurred in this action; and

3.     That Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated:  July 6, 2017               GORDON & REES LLP

                                   By:/s/ Thomas R. Watson
                                      Kevin W. Alexander
                                      Thomas R. Watson
                                      **Attorneys for Defendant**
                                      **Allergan, Inc.**

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on any and all issues so triable by a jury.

Dated:  July 6, 2017               GORDON & REES LLP

                                   By:/s/ Thomas R. Watson
                                      Kevin W. Alexander
                                      Thomas R. Watson
                                      **Attorneys for Defendant**
                                      **Allergan, Inc.**